MITCHELL CHARLES VINCENT INPROPER
4520 ELLEN ST,
OAKLAND, CA 94601
Telephone 510 533-9849
Facsimile:

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

MITCHELL CHARLES VINCENT     Case No. C19-5357

    Plaintiff

Vs

CITY OF OAKLAND,
OAKLAND POLICE DEPARTMENT,
ANNE KIRKPATRICK CHIEF OF
POLICE CITY OF OAKLAND
OAKLAND POLICE OFFICERS,
A. MANN #9189, M. LOYOLA #9617
JOHN DOE 1 THROUGH
10 INCLUSIVE

DOES 1-50

    Defendants

COMPLAINT UNDER THE CIVIL
RIGHTS ACT, 42 U.S.C SECTION 1983,
NEGLIGENT INFLICTION OF EMOTIONAL
DISTRESS, INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS, NEGLIGENCE
NEGLIGENT HIRING, TRAINING AND
SUPERVISION, BATTERY, UNLAWFUL
DETENTION

---

## JURISDICTION

1. This action arises under 42 U.S.C section 1983. Jurisdiction is based on 28.U.S.C. Sections 1331 and 1343.

## INTRADISTRICT ASSIGNMENT

2. The claims alleged herein arose in the City of Oakland, State of California. Therefore venue and assignment lies in the United States District Court for the Northern District of California, Oakland Division. 28 U.S.C. section 1391(b)(2).

3. Plaintiff has a legal capacity to sue or be sued and has the standing to bring within action for violation of his own constitutional rights under 42 U.S.C. SECTION 1983

1

Plaintiff has been and is permanent resident of Alameda County in the State of California.

## PARTIES

4. Plaintiff MITCHELL CHARLES VINCENT, as at all times mentioned herein, sues on his own behalf, is a resident of Alameda County and has capacity to sue or to be sued.

5. Defendants OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 were at all times mentioned as police officers for THE CITY OF OAKLAND and are sued herein in their Individual and official capacities.

6. Defendant CITY OF OAKLAND, is and at all times herein mentioned was a Municipal Corporation duly organized and existing under the law of the State of California with the legal capacity to sue and to be sued and liable for this lawsuit because the CITY OF OAKLAND POLICE DEPARTMENT is legally organized and empowered as final authority for law enforcement in the CITY OF OAKLAND under the CITY OF OAKLAND CHARTER.

7. Defendant, OAKLAND POLICE DEPARTMENT, is a public agency legally organized and established with the power of law enforcement public policy or custom final authority in the CITY OF OAKLAND under the Charter of the CITY OF OAKLAND, CALIFORNIA GOVERNMENT CODE and the CONSTITUTION OF CALIFORNIA as interpreted and implemented by Federal and California Case Laws.

8. Defendants Anne Kirkpatrick was at all times the chief of police of the city of Oakland. And Defendants OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 AND DOES 1-50 was at all times herein mention police officers for the CITY OF OAKLAND and are sued herein in their individual and official capacities.

9. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND and THE CITY OF OAKLAND POLICE DEPARTMENT.

10. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and /or under color of law.

11. In doing the acts and/or omission alleged herein, Defendants, and each of them, acted as the agent, servant employee and/or in concert with each of said other Defendants herein.

12. Defendants DOES 1-50, are each responsible in some A. MANNer for the damages alleged herein. The true names and capacities of Defendants DOES 1-50, are presently unknown to Plaintiff. Plaintiffs are informed and believe and therefore alleges on information and belief, that each of them is responsible in some A. MANNer for the damages alleged herein. Plaintiff therefore sues Defendants DOES 1-50, by such fictitious names and will seek leave to amend this complaint to add their true names when the same have been ascertained.

13. On or about February 22, 2018, Plaintiff presented a timely claim for damages to the CITY OF OAKLAND pursuant to the California Tort Claims Act, California Government Code section 900 et. Seq. on or about April 2, 2018, the CITY OF OAKLAND rejected plaintiff's claims. This lawsuit is brought within the time allowed by California government Code section 945.6. Therefore, this lawsuit is not affected by the relevant statute of limitations.

## COMMON ALLEGATIONS

14. Plaintiff was standing on 85th Ave on August 24, 2017 at 11:30pm when he was unlawfully detained, unlawfully searched and thrown on the ground, injuring his eye and head, by DefendantS OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617. Plaintiff was taken by car and treated at Highland Hospital where he was diagnosed with eye and head injuries.

3

15. As a result of the OAKLAND POLICE DEPARTMENT POLICE OFFICERS' wrongful conducts against Plaintiff, Mr. Vincent was forced to seek professional service to put under control the severe physical and mental anguish he suffers.

16. The acts and omissions of the defendants and each of them were oppressive and malicious and each of them acted with reckless or callous indifference to the rights of Plaintiff Mr. Vincent. As a direct and proximate result of defendant's acts and omissions, Plaintiff suffered injuries to his reputation, defamation of his character, emotional and mental anguish, monetary damages and loss of his civil rights guaranteed under the United States and California State Constitutions.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
(42 U.S.C. SECTION 1983)
(FOR VIOLATION OF PLAINTIFF'S FOURTH and FOURTEENTH AMENDMENT RIGHTS AND AGAINST CHIEF OF POLICE ANNE KIRKPATRICK, DEFENDANTS OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 And DOES 1-50)

17. Plaintiff alleges and incorporates by reference herein paragraphs 1 through 15.

18. In doing the acts complained of herein, Defendants, CHIEF OF POLICE ANNE KIRKPATRICK, OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 And DOES 1-50 Individually or while acting in concert with another, did act under color of state or law to deprive Plaintiff as alleged heretofore of certain constitutionally protected rights, including but not limited to:

(a) the right to privacy and the right to be free from unlawful arrest, search and seizure;

(b) the right not to be deprived of liberty without due process of law;

(c) the right to be free from discrimination based on race or gender; and

(d) the right to equal protection of law;

(e) said rights are substantive guarantee under the Fourth and Fourteenth Amendments of

4

The United States Constitution.

(f) the right to be free from interferences with the zone of privacy protected by the fourth and ninth amendments to the United States Constitution.

**SECOND CAUSE OF ACTION**
(42 U.S.C. Section 1983)
**Monell's Ruling**
(against CITY OF OAKLAND, CITY OF OAKLAND POLICE DEPARTMENT, ANNE KIRKPATRICK CHIEF OF POLICE OF THE OAKLAND POLICE DEPARTMENT and OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 and DOES 1-50)

19. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 18.

20. As against Defendant CITY OF OAKLAND, and/or OAKLAND POLICE DEPARTMENT, ANNE KIRKPATRICK CHIEF OF POLICE OF THE OAKLAND POLICE DEPARTMENT and/or OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 and/or DOES 1-50 in their individual and official capacities, Plaintiff further alleges that the acts and/or omissions alleged in the complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF OAKLAND POLICE DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the use of excessive force and the disregard for constitutional rights of citizens.

21. Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY OF OAKLAND, CITY OF OAKLAND POLICE DEPARTMENT, ANNE KIRKPATRICK CHIEF OF POLICE OF THE OAKLAND POLICE DEPARTMENT, JOHN DOE OFFICERS and DOES 1-50 and/or each of them, to repeated acts of Police Officers'

misconduct which were tacitly authorized, encouraged or condoned by the City Of OAKLAND, CITY OF OAKLAND POLICE DEPARTMENT, ANNE KIRKPATRICK CHIEF OF POLICE OF THE OAKLAND POLICE DEPARTMENT, OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 and DOES 1-50, and each of them.

22. The injuries to Plaintiff were foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants CITY OF OAKLAND, CITY OF OAKLAND POLICE DEPARTMENT, ANNE KIRKPATRICK CHIEF OF POLICE OF THE OAKLAND POLICE DEPARTMENT, OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 and DOES 1-50 and each of them.

23. Plaintiff is further informed and believes and thereon alleges that the injuries and damages sustained by Plaintiff, as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the OAKLAND POLICE DEPARTMENT.

24. Plaintiff is further informed and believes and upon such information and belief alleges that the damages and injuries suffered by Plaintiff were caused by customs, policies, patterns or practices of the City of OAKLAND, CITY OF OAKLAND POLICE DEPARTMENT, ANNE KIRKPATRICK CHIEF OF POLICE OF THE OAKLAND POLICE DEPARTMENT, OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 and DOES 1-50, and each of them, of deliberate indifference in training, supervision and/or discipline of Police Officers and DOES 1-50 and/or each of them.

25. The aforementioned custom, policies or practices of CITY OF OAKLAND, CITY OF OAKLAND POLICE DEPARTMENT, ANNE KIRKPATRICK CHIEF OF POLICE OF THE OAKLAND POLICE DEPARTMENT, OPD OFFICERS A. MANN #9189, OFFICER M.

LOYOLA #9617 AND DOES 1-50 and/or each of them, resulted in the deprivation of the constitutional rights of Plaintiff, including but not limited to, the following:

    (a) the right to be free from unlawful search and seizure, and excessive force;

    (b) the right to be free from discrimination based on race and/or gender; and or

    (c) the right to equal protection of the law.

26. Said rights are substantive guarantees under the Fourth and Fourteenth Amendments of United States Constitution.

### THIRD CAUSE OF ACTION
**(For Violation of 42 U.S.C. section 1981 against ALL DEFENDANTS)**

27. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 26.

28. Defendants, in committing the acts described above, engaged in racially discriminatory misuse of government power.

29. The above described acts of defendants, and each of them, further deprived Plaintiff of the right protected pursuant to 42 U.S.C. section 1981, to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by citizens of the United States, and to subjected to like punishment, pains, penalties, taxes, licenses, and exaction of every kind, and to no other; and

30. The conduct of defendants, and each of them was committed with the intent to deprive Plaintiff of the above-described rights.

31. As a result of the violation of plaintiff's constitutional rights as alleged herein, Plaintiff suffered injuries and damages, including but not limited to pain and suffering; emotional distress; loss of enjoyment of life; special damages, including but not limited to future income.

WHEREFORE Plaintiff prays as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### Battery by Police Officers
### (against ALL DEFENDANTS)

32. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31.

33. In doing the acts complained of herein, Defendant OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 intentionally committed harmful and offensive contact to Plaintiff's person.

34. As a result of the Defendants' harmful and offensive contact committed with malice to Plaintiff's person, Plaintiff suffered serious personal injuries and damages. Defendants OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 harmful and offensive act were the direct and proximate cause of Plaintiff's personal injuries and damages.

WHEREFORE Plaintiff prays as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Violation of Unruh Civil rights Act.
### California Civil Code section 51.7)
### (against ALL DEFENDANTS)

35. Plaintiff realleges and incorporates by reference herein paragraphs 1-34.

36. Defendants OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 who unlawfully detained and battered Plaintiff MITCHELL CHARLES VINCENT, in committing the acts described above, engaged in the racially-motivated misuse of government power.

37. THE ABOVE DESCRIBED ACTS OF Defendants, and each of them, further deprived Plaintiff of the right protected pursuant to Unruh act, Californian civil code section 51.7 which state:

All persons within the jurisdiction of this /state have the right to be free from any violence, or intimidation by threat of violence, committed against their persons, or Property because of their race, color, religion, ancestry, national origin, political affiliation, sex sexual orientation, age, disability, or position in a labor dispute or because

another person perceives them to be one or more of those characteristics. The identification in this subdivision of particular bases of discrimination is illustrative rather than restrictive. **California Civil Code Section 51.7.**

38. The conduct of Defendants, and each of them was committed with the intent to deprive plaintiff of the above-described rights. As a direct and proximate result, Plaintiff suffered serious damages to his reputation and material damages'

WHEREFORE Plaintiff prays as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress: against ALL DEFENDANTS)

39. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 38.

40. The conduct OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 who detained and battered and intentional committed harmful and offensive contact to Plaintiff's person, was outrageous and beyond the scope of conduct which should be tolerated by citizens in a free and democratic society. The OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 committed the outrageous acts aforementioned with the intent to inflict severe mental and emotional distress upon Plaintiff.

41. AS A PROXIMATE RESULT OF Defendants' willful, intentional and malicious conduct, Plaintiff was seriously injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person all of which injuries have caused and continue to cause Plaintiff great mental physical and nervous pain and suffering.

42. As a proximate result of defendant's willful, intentional and malicious conduct plaintiff suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of general and punitive damages.

WHEREFORE Plaintiff is entitled to an awards as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (Against All Defendants)

43. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 42)

44. At all times herein mentioned, Defendants were subject to a dute of care, to avoid causing unnecessary infliction emotional distress to citizens in the exercise of the Police functions. The conduct of Defendants as set forth herein, did not comply with the standard of care to exercise by reasonable crime investigating officers.

45. As a direct proximate and foreseeable resulted of intentional or negligent acts of Defendants, Plaintiff suffered humiliation, mental anguish, end emotional and physical distress and continues to suffer extreme emotional and physical distress, all to his general and special damages in an amount to be proven.

WHEREFORE Plaintiff prays as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (Negligence)
### (against ALL DEFENDANTS)

46. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45.

47.. All times herein mentioned, Defendants CHIEF OF POLICE ANNE KIRKPATRICK, OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 were subject to a duty of care to avoid causing unnecessary harm and risk to citizens in the exercise of the police function. The conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by a reasonable crime instigating officers, thereby proximately causing Plaintiff s to suffer battery, unlawful detention an infliction of emotional distress, trespass to personal property and civil rights violations.

48. At all times herein mentioned Defendants CHIEF OF POLICE ANNE KIRKPATRICK, OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 individually and or acting in concert with one another negligently committed an outrageous act against Plaintiff which is not tolerated by this civilized society.

### NINTH CAUSE OF ACTION
**(Negligent Hiring, Training and Supervision)**
**(Against City of Oakland, Anne Kirkpatrick Chief of Police City of Oakland and Oakland Police Department)**

49. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 48.

50. All Named Defendants owe a duty of care to its residents, including Plaintiff, to hire, train, supervise and control its police officers through the city of Oakland Police Department and its Chief, including the high ranking police officers, to maintain peace, security and order within the City of Oakland.

51. All Defendants negligently breached its duty of care to hire, train, supervise and control its Police Officers when its Police Officers, including OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617, without warrant illegally searched and detained Plaintiff's person and disturbed Plaintiffs peace and security without probable caused

52. As a direct, proximate and foreseeable result of the carelessness and negligence of Defendants CITY OF OAKLAND AND CIT OF OAKLANCD POLICE DEPARTMENT and each of them, in the hiring, training and supervision of Defendants OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617, Plaintiff MITCHELL CHARLES VINCENT suffered multiple injures to head and eye. Plaintiff di suffer severe personal injuries; was injured in health, strength and activity, was made sick, sore, lame and disable, and suffered other injuries to his body and shock and injury to his nervous system. The exact nature and extent of are

11

unknown to Plaintiff at this time, Plaintiff prays leave to amend and insert the same herein when fully ascertained.

53. By reason of the acts and omissions of Defendants, Plaintiff has incurred and will in the future incur expenses for medical care and treatment in an amount which he does not know at this time and prays leave to amend and insert the same herein when fully ascertained.

54. Prior to the incident that gave rise to this action, Plaintiff was gainfully seeking employment and that by reason of the carelessness and negligence of Defendants, Plaintiff has been and will be unable to follow his usual occupation resulting in financial loss to Plaintiff which he does not know at this time and prays leave to amend and insert the same herein when fully ascertained.

55. By reason of the acts and omissions of Defendants, Plaintiff also sustained general damages in an amount within the unlimited jurisdiction of this United States District Court for the Northern District of California

WHEREFORE Plaintiff prays as hereinafter set forth.

## **STATEMENT OF DAMAGES**

56. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 55.

57. As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiff is entitled to recover for the damages and injuries, including, but not limited to:

(a) General damages, including, but not limited to damages for pain;

(b) Special Damages, including, but not limited to damages for future income, loss of wages and medical expenses;

58. The acts and/or omission of Defendants OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617 each of them were intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of the Plaintiff. Accordingly, Plaintiff prays

for an award of punitive and exemplary damages in amounts to be Determined according to proof.

59. Plaintiff will also be entitled to an award of attorneys' fees and cost pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C Section 1983 and 1988 and /or under other statutes and/or laws.

## JURY TRIAL DEMANDED

60 `. Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff prays of judgment against Defendants, and each of them as follow:

1. General damages to determined according to proof;

2. Special damage, including, but not limited to past, present and/or future wages loss, income and medical expenses;

3. Attorneys' fees pursuant to statues;

4. Costs of suit;

5. Punitive and exemplary damages in amounts to be determined according to proof as to defendants OPD OFFICERS A. MANN #9189, OFFICER M. LOYOLA #9617;

6. For prejudgment interest as permitted by law;

7. For such other and further relief as the Court may deem just and proper.

By _____
MITCHELL CHARLES VINCENT