BARBARA J. PARKER, City Attorney – SBN 069722
MARIA BEE, Chief Assistant City Attorney – SBN 167716
DAVID A. PEREDA Special Counsel – SBN 237982
ZOE SAVITSKY, Deputy City Attorney – SBN 281616
One Frank H. Ogawa Plaza, 6th Floor
Oakland, California  94612
Telephone:  (510) 238-6623, Fax:  (510) 238-6500
Email: zsavitsky@oaklandcityattorney.org
32578/2865063

Attorneys for Defendants
OAKLAND POLICE DEPARTMENT
OAKLAND POLICE CHIEF KIRKPATRICK
OAKLAND POLICE OFFICERS LOYOLA and MANN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT COURT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MITCHELL CHARLES VINCENT,<br><br>                    Plaintiff,<br><br>v.<br><br>CITY OF OAKLAND, a public entity, OAKLAND POLICE DEPARTMENT, CHIEF OF POLICE ANNE KIRKPATRICK, OAKLAND POLICE OFFICER MANN, OAKLAND POLICE OFFICER LOYOLA, and DOES 1-10,<br><br>                    Defendants. | Case No. 19-cv-05357-JD<br><br>**DEFENDANTS OAKLAND POLICE DEPARTMENT (OPD), OPD CHIEF KIRKPATRICK, AND OPD OFFICERS LOYOLA AND MANN'S NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PARTIAL MOTION TO DISMISS; MOTION FOR A MORE DEFINITE STATEMENT REGARDING CLAIM FIVE; MOTION TO SUSPEND TIME TO ANSWER REMAINING CLAIMS**<br><br>Date:        December 19, 2019<br>Time:       10:00 a.m.<br>Crtm:       11, 19th Floor<br>Judge:      Hon. James Donato<br><br>Complaint filed: August 26, 2019<br>Trial date: None set |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 2

II. STATEMENT OF THE ISSUES TO BE DECIDED ..................................................... 2

III. FACTUAL BACKGROUND .......................................................................................... 3

IV. LEGAL STANDARD ..................................................................................................... 3

V. ARGUMENT ................................................................................................................... 4

    A. Mr. Vincent's State Tort Claims (Claims No. 4, 6-9) Are Time-Barred Due To The Six Month Statute Of Limitations To File Suit After Notice Of Rejection. ............................................................................................................. 4

    B. Defendants Cannot Determine From Mr. Vincent's Complaint Which State Statute He Intended To Cite For Claim Five And Therefore Move For A More Definite Statement Under Rule 12(e). ................................................................... 5

    C. Defendants' Time To Answer Any Remaining Claims In Mr. Vincent's Complaint Should Be Suspended Under Rule 12(a)(4) Until This Court Decides The Partial Motion To Dismiss And The Motion For A More Definite Statement. .............................................................................................................. 5

VI. CONCLUSION ................................................................................................................ 6

ii

NOTICE OF MOTION; PARTIAL MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; MOTION FOR MORE DEFINITE STATEMENT FOR CLAIM FIVE; MOTION TO SUSPEND TIME TO ANSWER – Case No. 19-cv-05357-JD

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................................... 3
*Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575 (N.D. Cal. 1999) ............................... 4, 5
*Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 757-58 (1st Dist. 2002) ................................... 5
*Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201 (9th Cir. 2019) ................................................... 3
*Godlewski v. Affiliated Computer Services, Inc.*, 210 F.R.D. 571 (E.D. Va. 2002) ........................ 6
*Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353 (E.D. N.Y. 2009) .................................................. 4, 6
*Knappenberger v. City of Phoenix,* 566 F.3d 936 (9th Cir. 2009) .................................................... 3
*Lopez v. Smith,* 203 F.3d 1122 (9th Cir. 2000) ................................................................................. 3
*Palantir Technologies, Inc. v. Palantir.net, Inc.*, 2011 WL 62411 (N.D. Cal. 2011) ....................... 4

**Statutes**

42 U.S.C. § 1981 ............................................................................................................................... 3
42 U.S.C. § 1983 ............................................................................................................................... 3
Cal. Civ. Code § 51 *et seq.* ..................................................................................................... 2, 3, 5
Cal. Civ. Code § 51.7 ................................................................................................................... 2, 5
Cal. Gov. Code § 911.2. .................................................................................................................... 4
Cal. Gov. Code § 912.4 ..................................................................................................................... 4
Cal. Gov. Code § 945.6(a)(1) ........................................................................................................... 5
California Tort Claims Act, Cal. Govt. Code §§ 810 *et seq* ........................................................ 3, 4

**Rules**

Federal Rule of Civil Procedure 12(a)(4) ................................................................................. passim
Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 1, 3, 4, 6
Federal Rule of Civil Procedure 12(e) .................................................................................. ii, 1, 4, 5

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on December 19, 2019 at 10:00 a.m. in Courtroom 11 of the above-referenced Court, Defendants the Oakland Police Department (OPD), OPD Chief Kirkpatrick, and OPD Officers Loyola and Mann will, and hereby do, move this Court under Federal Rule of Civil Procedure 12(b)(6) for an Order granting their Partial Motion to Dismiss the Complaint of Plaintiff Mitchell Charles Vincent. Solely for Claim Five, Defendants move this Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to order the Plaintiff to furnish a more definite statement of that claim. Finally, Defendants move this Court under Federal Rule of Civil Procedure 12(a)(4) to suspend the time to answer the remaining claims in Plaintiff's Complaint until this Court issues a decision on the Partial Motion to Dismiss.

This Motion is based on the Plaintiff's failure to state a claim upon which relief can be granted for Claims Four, Six, Seven, Eight, and Nine in the above-captioned complaint, per Federal Rule of Civil Procedure 12(b)(6). Solely for Claim Five, as described in Section (V)(B) below, the Motion for a More Definite Statement is based on the need for claim clarity to prepare a responsive pleading, per Federal Rule of Civil Procedure 12(e). Finally, this Motion is based on Federal Rule of Civil Procedure 12(a)(4) to suspend the time to answer the other claims in Plaintiff's Complaint until the decision on the Partial Motion to Dismiss and the Motion for a More Definite Statement are issued. For all issues discussed below, this Motion is based upon this Notice, the Memorandum of Points and Authorities below, any further briefing, oral argument, and the complete files and records of this proceeding.

1

NOTICE OF MOTION; PARTIAL MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; MOTION FOR MORE DEFINITE STATEMENT FOR CLAIM FIVE; MOTION TO SUSPEND TIME TO ANSWER – Case No. 19-cv-05357-JD

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.     INTRODUCTION

Plaintiff Mitchell Christopher Vincent asserts that, on August 24, 2017, he was "unlawfully detained, unlawfully searched and thrown on the ground" by Defendants. Compl. ¶ 14. The following year, Mr. Vincent submitted a claim about this incident to the City of Oakland, which the City rejected. Compl. ¶ 13. On August 26, 2019, Mr. Vincent filed the present action, which includes both state and federal claims. Mr. Vincent's state law claims numbered Four, Six, Seven, Eight, and Nine are time-barred and therefore must be dismissed.

Solely as to Claim Five, Mr. Vincent has named one statute in his complaint (California's Unruh Act) but has cited the code section and text of another statute (California's Ralph Act). Defendants move for a more definite statement to permit the preparation of appropriate responsive pleadings as to this claim or claims.

Finally, because Defendants are moving to partially dismiss Plaintiff's Complaint and for a more definite statement on Claim Five, Defendants have also moved to suspend the time for filing an answer to Plaintiff's Complaint until after the disposition of the partial motion, per Federal Rule of Civil Procedure 12(a)(4).

Note that as of the time of this filing, the City of Oakland has not been served in the above-captioned case. As such, this Motion and accompanying documents are filed on behalf of the Oakland Police Department (OPD), OPD Chief Kirkpatrick, and OPD Officers Loyola and Mann, who were served on October 24, 2019, under Federal Rule of Civil Procedure 4. Should the City of Oakland be timely served, the City will similarly come before this Court with appropriate pleadings.

### II.     STATEMENT OF THE ISSUES TO BE DECIDED

Whether Plaintiff's Complaint states a claim upon which relief can be granted given the applicable statute of limitations for claims Four, Six, Seven, Eight, and Nine. For Claim Five, whether Plaintiff must provide a more definite statement of his pleading. For his federal claims, whether the time to answer those claims is suspended until the disposition of the partial motion and the motion for a more definite statement.

### III.   FACTUAL BACKGROUND

Plaintiff Mitchell Christopher Vincent asserts that, on August 24, 2017, he was "unlawfully detained, unlawfully searched and thrown on the ground" by Defendant Oakland Police Officers Mann and Loyola. Compl. ¶ 14. Mr. Vincent further states that "on or about February 22, 2018," he submitted a claim to Defendant City of Oakland for damages stemming from that August 2017 interaction. Compl. ¶ 13. Mr. Vincent also states that he received a rejection of that claim from the City of Oakland "on or about" April 2, 2018. *Id.* Mr. Vincent then filed this lawsuit on August 26, 2019. In his complaint, he has not asserted that any applicable statute of limitations should have tolled prior to his filing.

The Complaint alleges nine causes of action, three under federal law and six under California state law. Compl. ¶¶ 17-55. His federal claims are brought under 42 U.S.C. § 1981 and 42 U.S.C. § 1983. *Id.* ¶¶ 17-31. His state law claims are brought under the California Tort Claims Act, Cal. Govt. Code §§ 810 *et seq.* and under the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq. Id.* ¶¶ 32-55; *but see infra* Section (V)(B) regarding the Unruh Act claim. Mr. Vincent seeks general and special damages, as well as fees and costs, from all defendants; he also seeks punitive and exemplary damages against the Defendant individual officers. *Id.* ¶¶ 57-59.

### IV.   LEGAL STANDARD

A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court, viewing all allegations in the complaint in the light most favorable to a plaintiff, must decide if a plaintiff alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate under Rule 12(b)(6) in two cases: first, if there is a "lack of a cognizable legal theory," or second, in "the absence of sufficient facts alleged under a cognizable legal theory." *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (internal quotation omitted). Generally, although leave to amend a complaint is often appropriate, such leave is properly denied when "the pleading could not possibly be cured by the allegation of other facts." *Knappenberger v. City of Phoenix,* 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000)).

Separately, it is appropriate for a defendant to move under Rule 12(e) for a more definite statement depending on "whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999) (internal quotation omitted). Courts grant such motions "only when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." *Id.* (internal quotation omitted).

Finally, when a party files a motion under Federal Rule of Civil Procedure 12(b), such action suspends or tolls the time to file other responsive pleadings (e.g., an answer) under Federal Rule of Civil Procedure 12(a)(4). *See, e.g., Palantir Technologies, Inc. v. Palantir.net, Inc.*, 2011 WL 62411, *2 (N.D. Cal. 2011)[1] (holding "when a party moves to dismiss certain claims, but does not answer or move to dismiss others, the party has not admitted the allegations in the other claims . . . a motion to dismiss . . . enlarged the time . . . to respond to the entire complaint, including those causes of action it did not move to dismiss"); *see also Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D. N.Y. 2009) (stating that "courts have held that filing a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion").

## V.     ARGUMENT

### A.     Mr. Vincent's State Tort Claims (Claims No. 4, 6-9) Are Time-Barred Due To The Six Month Statute Of Limitations To File Suit After Notice Of Rejection.

Under the California Tort Claims Act, plaintiffs have six months to present personal injury claims against a public entity to that entity. Cal. Gov. Code § 911.2. Per Mr. Vincent's complaint, he presented his claim to the City of Oakland within that timeframe: he states the underlying incident occurred on August 24, 2017, and that he presented his claim to Oakland on February 22, 2018. Compl. ¶¶ 13-14. Under state law, a government entity then has 45 days to respond to claims. Cal. Gov. Code § 912.4. Per Mr. Vincent's complaint, the City responded within that timeframe, on April 2, 2018. Compl. ¶ 13. After a notice of rejection, should they

---

[1] This case is not reported, but is not designated as "Not for Citation." It is therefore acceptable to cite it under Civ. L.R. 3-4, 7-14.

wish to contest that rejection, a plaintiff must file suit within six months. Cal. Gov. Code § 945.6(a)(1). Mr. Vincent failed to do so: he filed this complaint on August 26, 2019, nearly a year and five months after the notice of rejection.

In his complaint, Mr. Vincent states that his claims are brought "within the time allowed by California [G]overnment Code [S]ection 945.6." Compl. ¶ 13. However, he does not assert that any of the exceptions to the six-month rule for filing enumerated in that statute apply. Should Mr. Vincent assert in his reply that one or more such exceptions (e.g., improper notice, imprisonment in state prison) should have tolled the six-month statute of limitations, Defendants request the right to respond to such assertions if and when they are raised.

**B.     Defendants Cannot Determine From Mr. Vincent's Complaint Which State Statute He Intended To Cite For Claim Five And Therefore Move For A More Definite Statement Under Rule 12(e).**

Mr. Vincent's Complaint states that his fifth cause of action arises under the Unruh Act, but the Complaint for Claim Five cites and quotes Cal. Civ. Code § 51.7. The Unruh Act is found at Cal. Civ. Code § 51 *et seq.*, but Cal. Civ. Code section 51.7 is the Ralph Civil Rights Act of 1976.

Despite stating that he intended to bring Claim Five under the Unruh Act, Mr. Vincent may have intended to bring his claim under the Ralph Act, Cal. Civ. Code § 51.7. The Unruh Act and the Ralph Act are not the same, nor are they interpreted identically. *See, e.g., Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 757-58 (1st Dist. 2002). As such, to reasonably prepare a response to this claim, Defendants move for a more definite statement of this pleading. As noted above, such motions are appropriate when the opposing party "cannot respond . . . in good faith." *Cellars*, 189 F.R.D. at 578. Without definitively knowing which statute Mr. Vincent intended to cite, Defendants cannot in good faith prepare a responsive pleading.

**C.     Defendants' Time To Answer Any Remaining Claims In Mr. Vincent's Complaint Should Be Suspended Under Rule 12(a)(4) Until This Court Decides The Partial Motion To Dismiss And The Motion For A More Definite Statement.**

Finally, Defendants move this Court to suspend the time to answer Mr. Vincent's other claims until a decision is issued on the Partial Motion to Dismiss and on the Motion for a More

5

NOTICE OF MOTION; PARTIAL MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; MOTION FOR MORE DEFINITE STATEMENT FOR CLAIM FIVE; MOTION TO SUSPEND TIME TO ANSWER – Case No. 19-cv-05357-JD

Definite Statement, as is appropriate under Rule 12(a)(4). Such suspension is generally appropriate when deciding partial motions to dismiss to avoid confusion. *See, e.g., Godlewski v. Affiliated Computer Services, Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002) (suspension prevents "duplicative sets of pleadings in the event that the Rule 12(b) motion is denied and causes confusion over the proper scope of discovery while the motion is pending"). Suspension also provides clarity and preserves judicial economy. *Gortat*, 257 F.R.D. at 366 (explaining that "[i]f the opposite rule controlled and partial motions to dismiss did not suspend a party's obligation to reply to additional claims, the result would be 'a procedural thicket' of piecemeal answers that would poorly serve judicial economy"). Suspension is particularly appropriate in this case: defendants cannot yet respond to Claim Five for the reasons identified above, and because one defendant has not been served, without suspension, duplicative answers and/or pleadings would be even more likely.

## VI.   CONCLUSION

For the foregoing reasons, Defendants OPD, OPD Chief Kirkpatrick, and OPD Officers Loyola and Mann respectfully request that Plaintiff's Complaint be partially dismissed, that their Motion for a More Definite Statement as to Claim Five be granted, and their Motion to suspend answering any remaining claims under Rule 12(a)(4) be granted.

Respectfully submitted,

Dated:  November 14, 2019

BARBARA J. PARKER, City Attorney
MARIA BEE, Chief Assistant City Attorney
DAVID A. PEREDA, Special Counsel
ZOE M. SAVITSKY, Deputy City Attorney


By: /s/ Zoe M. Savitsky
Attorneys for Defendants
OAKLAND POLICE DEPARTMENT
OAKLAND POLICE CHIEF KIRKPATRICK
OAKLAND POLICE DEPARTMENT OFFICERS
LOYOLA and MANN

# PROOF OF SERVICE

**<u>Mitchell Charles Vincent v. City of Oakland, et al</u>**
**<u>United States District Court Case No. 19-cv-05357-JD</u>**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is City Hall, One Frank H. Ogawa Plaza, 6th Floor, Oakland, California 94612. On the date set forth below, I served the within documents:

**NOTICE OF APPEARANCE, MOTIONS, PROPOSED ORDER**

☐ **By United States mail**. I enclosed the documents in a sealed envelope or package addressed to the persons at the address(s)es listed below and *(specify one)*:

  ☐ Deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

  ☐ Placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the City of Oakland's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the address(es) listed below and providing them to the professional messenger service for service.

☑ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the address(es) listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By fax transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. There was no error reported by the fax machine that I used. Attached is a copy of the record of the fax transmission.

☐ **By e-mail transmission**. Based on an agreement of the parties to accept service by electronic transmission, I e-mailed the documents to the persons at the e-mail address(es) listed below. No error was reported sent by email.

☐ **By personal delivery.** I personally delivered the document(s) to the person(s) at the address(es) listed below.

| | |
|---|---|
| Mitchell Charles Vincent<br>4520 Ellen Street<br>Oakland, CA 94601<br><br>Tel.: 510-533-9849<br><br>*<u>Plaintiff Pro Se</u>* | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

1  Executed on  November  14, 2019 at Oakland, California.

2  /s/ Zoe M. Savitsky
ZOE M. SAVITSKY